UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| A.U.R.U, a minor, by and through Parent and Legal Guardian and individual, STEPHANY ULLOA,<br><br>Plaintiffs,<br><br>v.<br><br>WASHOE COUNTY SCHOOL DISTRICT,<br><br>Defendant. | Case No. 3:23-cv-00528-ART-CSD<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Plaintiffs, A.U.R.U., a minor child, and his parent Stephany Ulloa, bring this action against Defendant Washoe County School District ("District") to recover attorneys' fees incurred during an administrative hearing pursuant to the Individuals with Disabilities Education Act ("IDEA"). Before the Court is the District's motion for summary judgment, requesting that the Court deny Plaintiffs any right to recovery attorneys' fees in this matter. (ECF No. 21.) The parties agreed to bifurcate issues between: (1) whether Plaintiffs are entitled to attorneys' fees; and (2) whether the attorneys' fees requested are reasonable. (ECF Nos. 15 at 8-9; 22 at 5.) This order addresses only the first issue. Because the Court finds that Plaintiffs are entitled to attorneys' fees, the Court denies the District's motion for summary judgment (ECF No. 21).

I.  **BACKGROUND**

On December 30, 2022, Plaintiffs filed a due process hearing request with the Nevada Office of Administrative Hearings alleging that the District denied A.U.R.U. a free appropriate public education ("FAPE"). (ECF No. 21-1.) After the District responded, the parties participated in a resolution session. (ECF No. 21-5 at 2-3; 22 at 2.) According to the District, the parties reached an agreement in principle at the resolution session. (ECF No. 21-5 at 5, 9, 13, 27.)

On January 23, 2023, the District sent a settlement offer to Plaintiffs which

1

included the terms discussed at the resolution session. (ECF No. 21-9.) A few days later, the District sent a follow-up email asking for a response by January 30 as to whether their summary of their agreement in principle at the resolution session was accurate so that they could finalize a settlement agreement. (ECF No. 21-10 at 2.) On February 1, Plaintiffs' counsel responded with proposed edits to the agreement, which the District objected to. (ECF No. 21-11 at 6, 15-17; 21-1 at 5.) A week later, the District filed a motion to extend deadlines, which Plaintiffs opposed. (ECF No. 21-12.)

On February 9, 2023, the District sent a second settlement offer to Plaintiffs. (ECF No. 21-13.) The offer incorporated some of the requested edits. The District also emailed A.U.R.U.'s parent a "prior written notice" summarizing the remedies that the District had proposed. (ECF No. 21-14.) Two weeks later, Plaintiffs' counsel sent the District a letter stating that A.U.R.U.'s parent objected to the prior written notice. (ECF No. 21-15 at 8.)

Before the administrative hearing, the District admitted to liability on the merits of the case, including denial of FAPE. (ECF No. 21-21.) Accordingly, the hearing officer ("HO") limited the hearing to evidence regarding the appropriate remedy. (*Id.* at 3-5.) After a two-day hearing in March 2023, the HO issued a decision ordering remedies for the District's denial of FAPE. (ECF No. 21-25 at 21-24.) The HO ordered a series of remedies including evaluations, compensatory education, staff training, provision of records, and school-home contact. (*Id.* at 21-24.) Neither party appealed the ruling. (ECF No. 22 at 9.)

In April 2023, Plaintiffs' counsel sent a letter to the District with an invoice for attorneys' fees. (ECF No. 21-29 at 7-19.) The District's counsel responded that they would not be paying attorneys' fees. (*Id.* at 2.) Plaintiffs' counsel then filed a complaint for attorneys' fees in state court, which the court dismissed for lack of jurisdiction. (ECF No. 21-30.)

In October 2023, Plaintiffs filed the complaint in the instant case seeking

2

attorneys' fees and costs of approximately $50,000. (ECF No. 1.) At a hearing before Magistrate Judge Craig S. Denney, the parties agreed to bifurcation. (ECF No. 17.) In March 2024, the District filed this motion for summary judgment. (ECF No. 21.) Parties have not yet filed motions on the second issue.

## II.   LEGAL STANDARD

The IDEA provides that "the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i). In order for a court to award attorneys' fees, the parent must (1) be a prevailing party and (2) seek reasonable attorneys' fees. *Aguirre v. Los Angeles Unified Sch. Dist.*, 461 F.3d 1114, 1117 (9th Cir. 2006).

There are certain circumstances under which attorneys' fees and related costs may be prohibited. Attorneys' fees and costs may not be awarded for services performed subsequent to a written settlement offer if:

> (I) the offer is made [] at any time more than 10 days before the proceeding begins;
> (II) the offer is not accepted within 10 days; and
> (III) the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement.

20 U.S.C. § 1415(i)(3)(D)(i)(I)–(III); *Beauchamp v. Anaheim Union High Sch. Dist.*, 816 F.3d 1216, 1220–21 (9th Cir. 2016). "Notwithstanding subparagraph (D), an award of attorneys' fees and related costs may be made to a parent who is the prevailing party and who was substantially justified in rejecting the settlement offer." *Id.* § 1415(i)(3)(E).

## III.   DISCUSSION

The District argues that Plaintiffs' requested attorneys' fees should be denied or significantly reduced because Plaintiffs were not substantially justified in rejecting the District's settlement offer, unreasonably protracted litigation, and achieved only *de minimis* success. (ECF No. 21.) Plaintiffs respond that they are

3

entitled to reasonable attorney's fees for the period both before and after the settlement offer because the relief finally obtained was more favorable than the settlement offer, and they did not unreasonably protract litigation. (ECF No. 22.)

To determine whether Plaintiffs are entitled to attorneys' fees under IDEA, the Court first addresses whether Plaintiffs were the prevailing party at the administrative hearing, then addresses whether the statutory bar to attorneys' fees applies. Because the parties have bifurcated issues, the question of whether Plaintiffs' unreasonably protracted litigation is more appropriate to address on the second issue of whether the requested attorneys' fees are reasonable.

### A. Whether Plaintiffs were the Prevailing Party

"A prevailing party is one who succeeds on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Van Duyn ex rel. Van Duyn v. Baker Sch. Dist. 5J*, 502 F.3d 811, 825 (9th Cir. 2007) (internal quotation marks and citation omitted). "The success must materially alter the parties' legal relationship, cannot be *de minimis* and must be causally linked to the litigation brought." *Id.* In *Van Duyn*, the court found that the plaintiff was the prevailing party where the administrative law judge ruled in his favor on only one out of eleven issues raised. *Id.* The court explained that the plaintiff "prevailed on the issue's merits and obtained a remedy—the extra weekly math instruction—that materially altered his legal relationship with the District." *Id.* at 826.

Plaintiffs were the prevailing party in this case. The HO found that the District admitted to liability on the merits and therefore ordered that the hearing would be limited to evidence regarding the appropriate remedy. (ECF No. 21-25 at 9-10.) Plaintiffs requested evaluations, compensatory education, additional supports such as a note taker, provision of the student's records, staff training, and any other relief deemed fair and just. (*Id.* at 13-14.) The HO awarded remedies covering most of what Plaintiffs requested: evaluations, compensatory

4

education, staff training, provision of transportation records, and bi-weekly status reports. (*Id.* at 22-23.) These remedies produced at least "some of the benefit" that Plaintiffs sought. *Van Duyn*, 502 F.2d at 825.

The District argues that "even if Plaintiffs were technically a prevailing party, their success was so minimal in the context of their requested award that they are not entitled to attorneys' fees." (ECF No. 21 at 29.) The District points out that Plaintiffs were awarded fewer hours of compensatory education than they requested. (*Id.*) But the fact that Plaintiffs received less than they asked for does not make their success *de minimis*. "De minimis judgments are those that confer no rights on the party—those that do not affect the obligations of the defendants toward the plaintiff." *Park, ex rel. Park v. Anaheim Union High Sch. Dist.*, 464 F.3d 1025, 1036 (9th Cir. 2006). The relief that Plaintiffs obtained materially altered the District's obligations toward Plaintiffs. Accordingly, Plaintiffs were the prevailing party.

**B. The Settlement Offers**

The District's offers were made more than ten days before the hearing and Plaintiffs did not accept either offer within ten days. The District's first offer was made on January 19, 2023, the second offer was made on February 9, 2023, and the hearing began on March 15, 2023. (ECF Nos. 21-9; 21-13; 21-25.) Plaintiffs did not accept either offer. The first offer included provisions for evaluations, compensatory education, an IEP meeting, school-parent communication, and transportation changes. (ECF No. 21-9.) After the first offer, Plaintiffs responded with proposed edits, requesting an assessment for mental health services, additional compensatory education, altered payment terms, and attorneys' fees. (ECF No. 21-11 at 6, 15-17.) The District objected to these terms and sent a second settlement offer which added some of Plaintiffs' requests. (ECF No. 21-13.) The second offer added two weeks' enrollment at the University of Nevada, Reno "Kids University" summer programming and a provision for payment of

attorneys' fees but did not include the requested terms for upfront payment. (ECF No. 21-13.) Because the latter offer was more favorable to Plaintiffs than the earlier offer, the relevant offer for the Court's analysis is the February 9 offer.

### C. Whether the Final Relief Awarded was More Favorable than the Settlement Offer

Parties disagree as to whether the relief awarded at the administrative hearing was more favorable to Plaintiffs than the District's February 9 settlement offer. The District argues that the HO's award was less favorable than the District's offer because the District's offer provided for more hours of compensatory education, transportation changes, an IEP meeting, greater communication access to District staff, and payment of reasonable attorneys' fees. (ECF No. 21 at 18.) Plaintiffs contend that, viewed from the parent's perspective, the HO's award was more favorable because Plaintiffs were given compensatory education with no conditions that would prevent its receipt, the evaluation schedule was faster, the communication and records provisions were more robust, and District staff would be trained to prevent future IDEA violations. (ECF No. 22 at 21-25.)

"[T]he comparison of the settlement offer versus the result of litigation must be made from the perspective of the parents." *T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 476 (9th Cir. 2015). In *Brenneise*, the Ninth Circuit emphasized that even though the outcome of the administrative hearing was "perceived as a big victory" from the perspective of the school district, "that does not necessarily mean that the settlement offer was as good as the [administrative] decision from the point of view of the parents, which is the perspective that counts under the statute." *Id.*

#### i. Evaluations and IEP Meetings

Plaintiffs and the District agree that the evaluation provisions in the final award are almost identical to those offered in the settlement agreement, but

6

1    Plaintiffs contend that the HO award is more favorable because of the quicker
2    timeline and the lack of conditions. (ECF No. 22 at 23.) Under the settlement
3    offer, the evaluations would be completed within 45 school days and with
4    consistent school attendance, and an IEP meeting would be held within 15 school
5    days after completion of the evaluations. (ECF No. 21-13 at 3-4.) In the final
6    award, the HO ordered the District to conduct the evaluations within 30 calendar
7    days and convene an IEP meeting within 15 calendar days of completion of the
8    evaluations. (ECF No. 21-25 at 21.)

Plaintiffs are correct that the HO award's timeline is faster by approximately six weeks, but this is counterbalanced by the fact that the HO's decision came approximately six weeks after the District's settlement offer. The District's overall timeline of 60 school days translates to 88 calendar days but was offered 44 calendar days before the HO decision, making it almost identical to the award's 45-calendar-day timeline. As such, the faster timeline, offered later in time, does not make the award more favorable to parents.

Plaintiffs contend that the HO award lacks the condition of consistent school attendance which the settlement offer contained. (ECF No. 22 at 23.) The District responds that consistent school attendance is necessary for the evaluations to be performed. (ECF No. 24 at 13.) Plaintiffs do not explain why the condition of consistent school attendance would be a problem and there is no evidence in the record suggesting that A.U.R.U. has had issues with school attendance in the past.

Accordingly, the evaluation provisions in the settlement offer and final award are comparable when viewed from the parent's perspective.

### ii. Compensatory Education

The District contends that the compensatory education provisions of the final award are less favorable than the settlement offer. (ECF No. 21 at 18.) Plaintiffs agree that the District offered more hours of compensatory education

but contend that the compensation model in the settlement offer made it significantly less favorable. (ECF No. 22 at 22.) Specifically, Plaintiffs argue that the settlement offer would require the parent to pay up front for the programming because of the District's reimbursement model, while the HO award would require the District to pay the costs up front. (*Id.*) According to Plaintiffs' counsel, Plaintiffs are unable to pay for the compensatory education up front. (ECF No. 22 at 3.)

The settlement offer provided for 36 hours of academic tutoring, 72 hours of speech therapy service, and reimbursement for two weeks' enrollment at "Kids University" summer programming. (ECF No. 21-13 at 4.) The offer notes that the payment and reimbursement "must follow the District's payment and reimbursement procedures to be fully detailed in a settlement agreement upon acceptance of this Offer." (*Id.*) This language suggests that the parents would have to pay for at least the "Kids University" programming up front and may also have to pay for the other compensatory education up front with reimbursement to follow.

The HO award provides for 15 hours of academic tutoring and 20 hours of speech and language therapy and does not mention a payment method. Instead, the order states that the student "shall be given" the specified hours of tutoring services. (ECF No. 32-25 at 22.) Although the order does not specify what payment method is to be used, it suggests that Plaintiffs' inability to pay up front will not be a barrier to provision of services and will not excuse the District from complying with the terms of the HO award.

Although the HO award provides for fewer hours of compensatory education, the Court agrees with Plaintiffs that the lack of reimbursement provisions make the award more favorable from the parent's perspective.

### iii. Training

Plaintiffs contend that the HO award is more favorable because, unlike the

settlement offer, it includes a provision requiring staff training. (ECF No. 21-25 at 22.) The HO award orders "targeted training on the specific conceded issues of the denial of FAPE to all school staff who directly work with the Student in the academic setting." (ECF No. 21-25 at 22.) There is no provision in the settlement offer regarding staff training. The District appears to argue that this was because Plaintiffs did not request such training, but the initial due process complaint specifically requested staff training as one of its seven proposed resolutions. (ECF Nos. 24 at 16, 21-1 at 13-14.) The Court agrees with Plaintiffs that this additional provision makes the HO award more favorable from the parent's perspective.

### iv.  School-Home Communication

Plaintiffs similarly argue that the school-home communication provisions in the HO award make it more favorable because the settlement offer included "virtually nothing in terms of school-home communication or the provision of records to rectify the conceded denial of meaningful parental participation in A.U.R.U.'s education." (ECF No. 22 at 23.) The District disagrees, arguing that the settlement offers included "greater communication access to District staff on a variety of different topics." (ECF No. 18 at 32.)

The settlement offer provides that the District would "work with the parent to instruct the parent on receiving notifications in the District's Infinite Campus System as well as the District's Teams system so that the parent is aware of [A.U.R.U.'s] academic progress and attendance, as well as what notes are uploaded for A.U.R.U. as part of his IEP supplementary aides and services." (ECF No. 21-13 at 5.) The HO award requires the District to "provide a bi-weekly status report informing parent of any testing accommodations to the Student" and to provide transportation records to the parent on a weekly basis. (ECF No. 21-25 at 23.) The award also provides that, if the evaluations result in a behavior intervention plan ("BIP"), the District will train the parent on the BIP as applied to the home setting. (*Id.* at 21.)

9

Although these provisions seem relatively similar in substance, it does appear that the HO award provides for more active communication between the school and parent than the settlement offer. Accordingly, this portion of the award is marginally more favorable from the parent's perspective.

### v. Transportation

The District argues that the settlement offer was more favorable because it included "changing the transportation pickup and drop-off location closer to the Student's home." (ECF No. 21 at 18.) Plaintiffs respond that the transportation issue was not included in the HO award because it was rendered moot during the proceedings. (ECF No. 22 at 21.) The HO found that: "Student's morning bus route was adjusted effective January 23, 2023 and changed to ensure the Student was picked up outside the Student's home as requested by the Parent [] and to ensure the Student was able to use the restroom every hour by reducing the bus time on the morning route to 22 minutes." (ECF No. 21-25 at 18.) The Court agrees with Plaintiffs that the transportation provision is therefore not relevant to this analysis.

### vi. Attorneys' Fees

Finally, the District argues that the HO award is less favorable because it did not include attorneys' fees. However, the settlement offer itself notes that "attorney fees are not within the jurisdiction of the administrative hearing officer." (ECF No. 21-13 at 5.) Accordingly, the lack of attorneys' fees is not relevant to this analysis.

### vii. Overall comparison

Overall, the Court finds that while the settlement offer and the HO's final award are similar in many respects, the final relief awarded was more favorable from the parent's perspective, with slightly better provisions on compensatory education, training, and home-school communication. Accordingly, the statutory bar on attorneys' fees does not apply.

Because the Court finds that the statutory bar does not apply, it does not need to analyze whether Plaintiffs were substantially justified in rejecting the settlement offer.

### D. Whether Plaintiffs unreasonably protracted litigation

The District's final argument is that Plaintiffs' attorneys' fees should be denied or significantly reduced because Plaintiffs unreasonably protracted litigation. Under the statute, attorneys' fees may be reduced when a court finds that a parent or their attorney "unreasonably protracted the final resolution of the controversy." 20 U.S.C. § 1415(i)(3)(F). However, this is not a ground for outright denial of attorneys' fees and is therefore not appropriate to consider on this motion.

### IV.   CONCLUSION

The Court therefore orders that Defendant's motion for summary judgment (ECF No. 21) is denied.

Because this order addressed only the first issue of whether Plaintiffs are entitled to any award of attorneys' fees, the Court orders parties to submit briefing on the second issue of whether the attorneys' fees requested are reasonable.

The Court refers this case to U.S. Magistrate Judge Craig S. Denney for either a report and recommendation pursuant to LR 1B 1-4 or a settlement conference pursuant to LR 16-5.

DATED: February 11, 2025

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

11