m

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

A.U.R.U, a minor, by and through Parent and Legal Guardian and individual, STEPHANY ULLOA,

Plaintiffs,

v.

WASHOE COUNTY SCHOOL DISTRICT,

Defendant.

Case No. 3:23-cv-00528-ART-CSD

ORDER DENYING DEFENDANT'S MOTION TO DISMISS

(ECF No. 32)

Plaintiffs, A.U.R.U., a minor child, and his parent Stephany Ulloa, bring this action against Defendant Washoe County School District ("District") to recover attorneys' fees incurred during an administrative hearing pursuant to the Individuals with Disabilities Education Act ("IDEA"). Before the Court is the District's motion to dismiss, which contends that Ms. Ulloa has assigned her right to pursue attorney's fees to her counsel, and that therefore she lacks standing to bring this case. (ECF No. 32.) The Court denies the District's motion to dismiss.

## I.    BACKGROUND

The IDEA provides that "the court, in its discretion, may award reasonable attorneys' fees as part of the costs *to a prevailing party* who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i) (emphasis added). Ms. Ulloa, the prevailing party, had previously executed a fee agreement with her counsel which states in material part that:

> The law provides that if the student obtains relief which materially alters the legal relationship of the parties… the District is then obligated to pay the attorney's fees and costs, and you hereby assign the right to collect these fees and costs to ADAMS ESQ. If the District fails for whatever reasons to pay the attorney's fees and costs, ADAMS ESQ will waive its fees to the parent.

(ECF No. 32-2)

The District claims that in "assign[ing] the right to collect these fees and costs"

1

to her counsel, Ms. Ulloa has assigned her rights to sue for attorney's fees, and therefore lacks standing.

## II.    DISCUSSION

Ms. Ulloa has not assigned her statutory right to sue for attorney's fees. While the right to collect attorney's fees in an IDEA case is assignable, the right to pursue these fees is not. *See Adams v. Compton Unified Sch. Dist.*, No. CV1404753BROPJWX, 2015 WL 12748005, at *1 (C.D. Cal. July 16, 2015) (citing *Pony v. Cnty. of L.A.*, 433 F.3d 1138 (9th Cir. 2006)).

When determining whether IDEA plaintiffs may assign their statutory rights to sue for attorney's fees, courts have looked to the law governing assignment of attorney's fees in Section 1983 cases. *See, e.g., id.* In one Section 1983 case, the Ninth Circuit looked to California state law regarding the assignment of personal injury causes of action to determine whether the right to sue for attorney's fees was assignable. *Pony*, 433 F.3d. The key question in resolving this motion to dismiss is whether Nevada law, like California law, prohibits assignments of causes of action in personal injury cases.

Nevada generally prohibits the assignment of personal injury claims on public policy grounds. *Achrem v. Expressway Plaza Ltd. Partnership,* 917 P.2d 447, 448-49 (1996); *Reynolds v. Tufenkjian,* 461 P.3d 147, 152 (2020). "[T]he policy reasons for prohibiting the assignment of personal injury claims are premised upon the personal nature of the claims themselves and a desire to limit unscrupulous people trafficking in pain and suffering." *Platinum Unit-Owners' Ass'n v. Residential Constructors, LLC*, No. 2:14-CV-01076-GMN-GW, 2015 WL 1186530, at *5 (D. Nev. Mar. 16, 2015) (internal citations and quotations omitted). Nevertheless, the Nevada Supreme Court has determined that policy considerations do not prevent plaintiffs from assigning the proceeds from their personal injury actions. *Achrem,* 917 P.2d at 448-49; *Waterton Glob. Mining Co., LLC v. Cummins Rocky Mountain, LLC,* No. 3:14-CV-0405-RCJ-VPC, 2015 WL

714485, at *2 (D. Nev. Feb. 19, 2015).

Since Ms. Ulloa would not be able to assign a personal injury cause of action to her attorney, neither can she assign her rights to sue for attorney's fees under civil rights statutes such as IDEA. *See Adams*, 2015 WL 12748005, at *1; *Pony*, 433 F.3d 1138, 1143. If she cannot assign her right to sue under IDEA, she cannot assign an action for attorney's fees that is derivative of it. *See Pony*, 433 F.3d 1138, 1143; *cf. Sliters v. Lee*, 641 P.2d 475, 476 (Mont.1982). Ms. Ulloa has not assigned her rights to attorney's fees, so she has standing to sue. The motion to dismiss is therefore denied.

### III.    CONCLUSION

It is therefore ORDERED that Defendant's motion to dismiss is denied. (ECF No. 32.)

DATED: March 17, 2026

_Anne Rassel Ru_

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE