UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

A.U.R.U., a minor, by and through Parent and Legal Guardian, STEPHANY ULLOA,

Plaintiffs,

v.

WASHOE COUNTY SCHOOL DISTRICT,

Defendant.

Case No. 3:23-cv-00528-ART-CLB

ORDER DENYING DEFENDANT'S MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL (ECF No. 36)

Plaintiffs A.U.R.U., a minor child, by and through his parent Stephany Ulloa, brought this action against Defendant Washoe County School District ("the District") to recover attorneys' fees incurred during an administrative hearing pursuant to the Individuals with Disabilities Education Act ("IDEA"). The Court previously denied the District's motion for summary judgment, concluding that Plaintiffs were the prevailing party and that the statutory bar on attorneys' fees did not apply. (ECF No. 25.) The District then filed a motion to dismiss on jurisdictional grounds (ECF No. 32), which the Court denied (ECF No. 35).

Before the Court now is the District's motion to certify the Court's order denying its motion to dismiss for interlocutory appeal under 28 U.S.C. § 1292(b) and to stay the proceedings pending that appeal. (ECF No. 36.) For the reasons stated below, the Court finds that the District has not satisfied the § 1292(b) standard for certifying an interlocutory appeal and thus denies the motion.

## I. BACKGROUND

The parties are familiar with the factual and procedural history of this case, so the Court will recite only the facts necessary to resolve the pending motion.

In its order denying the District's motion for summary judgment, the Court concluded that Plaintiffs could proceed with their action to recover attorneys' fees and ordered the parties to submit briefing on the reasonableness of the amount requested. (ECF No. 25.) The parties then attended a settlement conference before Magistrate Judge Craig S. Denney, at which no settlement was reached. (ECF No. 29.) Shortly thereafter, the District filed a motion to dismiss for lack of subject-matter jurisdiction, arguing that the Court lacked jurisdiction over the case because Ms. Ulloa had assigned her right to collect attorneys' fees to her counsel and thus did not have standing to sue the District to recover them. (ECF No. 32.)

The Court denied the motion, concluding that Plaintiffs had not assigned away their statutory right to sue to recover attorneys' fees and thus did have standing, such that the Court maintained subject-matter jurisdiction over the case. (ECF No. 35.) The District then filed the present motion to certify the order for interlocutory appeal of the standing issue under 28.U.S.C. § 1292(b) and to stay the proceedings pending resolution of that appeal. (ECFs No. 36.) Plaintiffs opposed the motion (ECF No. 37), and the District filed a reply (ECF No. 38).

## II. LEGAL STANDARD

The final judgment rule establishes that federal courts of appeal generally have jurisdiction only over "appeals from . . . final decisions of the district courts of the United States." *See* 28 U.S.C. § 1291. Under 28 U.S.C. § 1292(b), however, interlocutory appeals from non-final judgments may be taken where "exceptional circumstances justify a departure from the [final judgment rule.]" *ICTSI Ore., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978)); *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (describing this exception as "narrow"). A district court will certify a non-final order for interlocutory appeal where: (1) "there [is] a controlling question of law"; (2) "there [are] substantial grounds for difference of opinion as to that question"; and (3) "an immediate resolution of that

question may materially advance the ultimate termination of the litigation." *ICTSI*, 22 F.4th at 1130 (quoting *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981)). The party seeking interlocutory appeal bears the burden of showing that these three conditions are met. *Couch*, 611 F.3d at 633.

## III. ANALYSIS

The District moves for an interlocutory appeal to resolve the question of whether a plaintiff has standing to sue for attorneys' fees under the IDEA where, through the fee agreement entered between the plaintiff and their counsel, the plaintiff assigned to their counsel the right to collect such fees and, furthermore, counsel waived the right to charge the plaintiff for such fees in the event the school district fails to pay. (ECF No. 36 at 2.) The District claims that Plaintiffs withheld the attorney-client fee agreement until after the summary judgment stage, preventing the District from identifying the assignment issue and raising its standing challenge sooner. (ECF No. 38 at 4-5.)

### A. The District Has Identified a Controlling Question of Law.

To qualify as a "controlling question of law" under the § 1292(b) standard, the question must be one for which resolution "could materially affect the outcome of litigation in district court." *In re Cement*, 673 F.2d at 1026. In addition, the question must be a "pure question of law rather than a mixed question of law and fact or the application of law to a particular set of facts." *In re Garmong*, No. 3:19-CV-00116-MMD, 2020 WL 109812, at *2 (D. Nev. Jan. 8, 2020) (internal quotations omitted); *ICTSI*, 22 F.4th at 1130 ("A controlling question of law must be one of law—not fact[.]").

The District asserts that the Court's order denying its motion to dismiss presents a controlling question of law because whether Plaintiffs have standing is a question of law that, if answered differently by the Ninth Circuit, would affect the outcome of the litigation by defeating the Court's jurisdiction. (ECF No. 36 at 5-7.) Plaintiffs argue in response that the standing question as framed by the

District is not a "pure" question of law but rather a mixed question of law and fact unfit for certification. (ECF No. 37 at 4-6.) Specifically, resolving the standing question necessarily requires interpreting the plain language of the fee agreement in this case to determine whether, by assigning to counsel "the right to collect [attorneys' fees] and costs" (ECF No. 38-2 at 4) (fee agreement), Plaintiffs assigned only a right to collect the funds at the end of the litigation, or also the additional right to sue to recover such funds (ECF No. 37 at 5-6).

The question of standing indeed presents a controlling question of law, satisfying the first condition of the § 1292(b) standard. *See, e.g.*, *Mendoza v. Procter & Gamble Co.*, No. CV 23-1382-DMG (JPRx), 2024 WL 6874473, at *4 (C.D. Cal. Sept. 30, 2024) ("Article III standing is a pure question of law."); *see also ICTSI*, 22 F.4th at 1133-34 (favorably citing caselaw finding that standing is a controlling question of law). While the Court agrees with Plaintiffs that the standing issue in this case turns in part on determining the full scope of the rights Plaintiffs assigned to their counsel through the fee agreement, the additional question that it implicates—regarding the proper interpretation of the terms of the fee agreement in this case—is also a question of law. *Redrock Valley Ranch, LLC v. Washoe Cnty.*, 254 P.3d 641, 647-48 (Nev. 2011) ("Contract interpretation is a question of law" reviewed by "looking to the language of the agreement and the surrounding circumstances").

The Court thus concludes that the District has satisfied the first condition of the § 1292(b) standard.

**B. The District Has Not Shown that the Question to be Certified Presents Substantial Grounds for Difference of Opinion.**

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch*, 611 F.3d at 633. A substantial ground for difference of opinion may arise if "the circuits are in dispute on the question and the court of appeals of the

circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Id.* (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010)). However, "'just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal.'" *Id.*

The District argues that there are substantial grounds for a difference of opinion regarding whether the question of Plaintiffs' standing, in light of the fee agreement, should be resolved by looking to contract law, as it maintains (ECF No. 36 at 7-12), or to 42 U.S.C. § 1983 and tort law principles, as this Court held (ECF No. 35 at 2-3). The crux of the District's position is that under contract law, which generally permits creating and assigning rights by contract, Plaintiffs were permitted to—and in fact did—assign away their right to sue for attorneys' fees. (ECF No. 36 at 8.)

This Court previously looked to law governing the assignment of attorneys' fees in the § 1983 context to determine that, where the IDEA granted Plaintiffs the right to sue for attorneys' fees, *see* 20 U.S.C. § 1415(i)(3)(B)(i) (permitting courts to award attorneys' fees to "a prevailing party who is the parent of a child with a disability"), they did not, indeed could not, assign that right to their counsel. (ECF No. 35 at 2.) There is ample caselaw supporting a party's right to assign the collection of attorneys' fees to counsel, as Plaintiffs did here. *See, e.g.*, *United States v. $186,416.00 in U.S. Currency*, 277 F.3d 1173, 1175 (9th Cir. 2013) ("In interpreting other fee award statutes, we have strongly suggested that fees may be directed to an attorney on account of a contractual assignment, even when the attorney has no statutory right to collect fees directly."); *Astrue v. Ratliff*, 560 U.S. 586, 597-98 (2010) (discussing "the nonstatutory (contractual and other assignment-based) rights that typically confer upon the attorney the entitlement

to payment of the fees award the statute confers on the prevailing litigant"). But as the District acknowledges (ECF No. 36 at 8), "a meaningful legal distinction exists between assigning the rights to a [particular] action and assigning the proceeds from such an action." *Achrem v. Expressway Plaza Ltd. P'ship*, 917 P.2d 447, 449 (Nev. 1996). Drawing from the § 1983 framework, the Court applied Ninth Circuit and Nevada caselaw to conclude that because Plaintiffs could not assign the right to bring their underlying IDEA claim, they also could not assign the derivative statutory right to bring a claim to recover attorneys' fees. *See Pony v. Cnty. of L.A.*, 433 F.3d 1138, 1142-44 (9th Cir. 2006) (rejecting a similar argument that a client had assigned her statutory right to sue for attorneys' fees to her counsel through a retainer agreement).

The District aims to demonstrate a "substantial ground for difference of opinion" by isolating the attorneys' fees claim from its IDEA context and looking elsewhere to caselaw discussing the general permissibility of assigning rights created by contract. *See, e.g.*, *Ruiz v. City of N. L.V.*, 255 P.3d 216, 221 (Nev. 2011) (recognizing "the general rule that contracts are freely assignable in the absence of language to the contrary"). But it cites no authority endorsing its specific position in this case: that under the IDEA, a plaintiff may assign their statutory right to sue for attorneys' fees to counsel and, in so doing, sacrifice their standing to bring such a claim. Nor has the District provided caselaw supporting its broader assertion that this analysis is governed by general contract law assignability principles rather than by analogizing IDEA claims and the substantive attorneys' fees claims derived therefrom to the § 1983 framework.

Furthermore, even if the District were correct that Plaintiffs *could* assign away their right to sue for attorneys' fees, the record does not support that they did so here. The fee agreement in this case only "assign[s] the right to collect [attorneys' fees] and costs" and says nothing about the right to sue to recover those fees. (ECF No. 38-2 at 4.) *See Achrem*, 917 P.2d at 449 (distinguishing

between the two). This is not the express language typically used to effectuate assignment of such rights by contract. *See, e.g.*, *Hsu v. Allianz Life Ins. Co.*, 168 F.3d 499, at *1 (9th Cir. 1999) (finding that parties had assigned a right to sue under an insurance policy where they had executed "absolute assignment forms which assigned 'all of [their] right, title, claim, interest and benefit'"). The District's assignability argument is thus not dispositive of Plaintiffs' standing based on the facts of this case.

In sum, the District has failed to show a substantial difference of opinion regarding whether the right to pursue attorneys' fees under the IDEA is assignable. *See Couch*, 611 F.3d at 633 (holding that "strong disagreement with a Court's ruling, or the fact that settled law might be applied differently does not establish a substantial ground for difference of opinion" and noting that defendants had not provided any cases that conflicted with the district court's decision). And no complicated questions arise under foreign law, and a novel or difficult question of first impression is not presented. *See id.*

The Court thus concludes that the District has not met the second condition of the § 1292(b) standard. Although the Court therefore need not proceed to the third and final condition, *see, e.g.*, *Mendoza*, 2024 WL 6874473, at *5, it briefly does so next for completeness.

**C. Given the Late Stage of the Case, Interlocutory Appeal Would Not Materially Advance the Ultimate Termination of Litigation.**

The third condition of the § 1292(b) standard "is satisfied when the resolution of the question 'may appreciably shorten the time, effort, or expense of conducting' the district court proceedings." *ICTSI*, 22 F.4th at 22 (quoting *In re Cement*, 673 F.2d at 1027). In that vein, § 1292(b) certification should be used "only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation. It was not intended merely to provide review of difficult rulings in hard cases." *U. S. Rubber Co. v. Wright*, 359 F.2d 784, 785

(9th Cir. 1966).

At this stage of the litigation, which has been ongoing since 2023, an interlocutory appeal would likely delay, rather than advance, the termination of this case. The District's motion for summary judgment has been ruled on, a settlement conference occurred at which no agreement was reached, and the only issue left to resolve is whether the fee amount that Plaintiffs seek is reasonable. (ECF No. 25 at 11) (ordering parties to submit briefing to resolve the final pending issue in the case). An interlocutory appeal on these issues would very likely not be resolved before a ruling on that sole remaining issue. *Cf. Alfred v. Walt Disney Pictures*, No. CV 18-8074-CBM(ASX), 2022 WL 1580807, at *3 (C.D. Cal. Mar. 2, 2022) (finding the third condition not met where the case was "not in its early stages, an interlocutory appeal would take time to complete which would [cause] further delay," and it was unclear whether the appeal would be completed before the scheduled trial). Moreover, as Plaintiffs note (ECF No. 37 at 8-10), the District's authorities to support this condition are meaningfully distinguishable based on the complexity, or lack thereof, of the litigation at issue. *See, e.g.*, *Cooper v. Tokyo Elec. Power Co.*, 166 F. Supp. 3d 1103, 1143 (S.D. Cal. 2015) (finding the third prong met where certification on threshold issues may have circumvented "extraordinarily large and complex litigation" of "transnational and novel claims").

The Court thus finds that efficiency is better served by adjudicating what remains of this case here at the district court level so that the District may, should it so choose, raise a single appeal of a fully dispositive final judgment. The District has not shown that this is one of those rare cases where interlocutory appeal, as compared to proceeding on the ordinary course, will materially advance the ultimate termination of this litigation. It thus has not met the third condition for interlocutory appeal under the § 1929(b).

//

## IV. CONCLUSION

It is therefore ORDERED that Defendant's motion to certify this Court's March 17, 2026, order for interlocutory appeal (ECF No. 36) is DENIED.

It is further ORDERED that Plaintiffs' brief on the issue of whether the attorneys' fees requested are reasonable should be styled as motion and is due on January 11, 2027. Defendant will have 14 days from the date of that motion filing to submit its response, and Plaintiffs' reply will be due 7 days thereafter.

Dated this 10th day of November 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE